**DAVIS WATER & WASTE INDUS-
TRIES, etc., Plaintiff,**

**v.**

**JIM WILSON, INC., et al.,
Defendants.**

**No. CIV-2-74-41.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 18, 1974.

Harry W. Lawrence, Johnson City, Tenn., for plaintiff.

W. Stanley Yarbro, Johnson City, Tenn., for defendants.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff moved the Court to allow it to amend its complaint herein so as to correct the name of the defendant therein from Jim Wilson, Inc. to Jim Wilson & Associates, Inc. Such motion has merit as correcting a misnomer, United States v. Western Casualty & Surety Company, C.A.6th (1966), 359 F.2d 521, 523[3], and hereby is granted.

The plaintiff moved further to amend the summons and proof of service herein, so as to reflect the change in the name allowed as to its complaint. There is merit to such motion under the circumstances.

It is undisputed that Mr. James D. Wilson is the president of both Jim Wilson, Inc. and Jim Wilson & Associates, Inc.; that such corporations have a common office for the conduct of their respective businesses; that such corporations have common officers; that serv-

ice of process against Jim Wilson, Inc. was upon Mr. Kenneth E. Lacy, its secretary and treasurer, who is also secretary and treasurer of Jim Wilson & Associates, Inc.; that the claim asserted in the amended complaint arose out of the transaction set forth in the original complaint; that, at the time of the filing of the original complaint, Jim Wilson and Associates, Inc. received notice of the institution of this action; and, at the time of the filing of the original complaint, the officers of Jim Wilson & Associates, Inc. knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. See Rule 15(c), Federal Rules of Civil Procedure. Under these circumstances, Jim Wilson & Associates, Inc. will not be prejudiced in maintaining its defense on the merits. *Supra.*

This Court will be clearly warranted by Rule 15(c), *supra,* in granting such motion of the plaintiff and allowing it to proceed without the issuance of further process or service of process on the defendant Jim Wilson and Associates, Inc. Montalvo v. Tower Life Building, C.A. 5th (1970), 426 F.2d 1135, 1146–1147[10]. If it was a mistake for the plaintiff to name Jim Wilson, Inc. as the party defendant, the original defendant and the amended defendant contributed to the mistake by the manner in which they organized their business activities. *Ibid.,* 426 F.2d at 1147.

The foregoing allowance of the plaintiff's amendment of its complaint relating back to the date of the commencement of the action, Rule 15(c), *supra,* and the issuance and service of process having been accomplished after the effective date of such amendment, the plaintiff's motion to amend the process and service of process herein, so as to reflect that such process was issued to the defendant Jim Wilson & Associates, Inc. and was served upon an officer of such corporation, hereby is granted.