**Donald L. WHITE, Plaintiff,**

**v.**

**E. I. du PONT de NEMOURS AND COMPANY, Defendant.**

Civ. A. No. 81–0036–H.

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Sept. 24, 1981.

F. Guthrie Gordon, III, Charlottesville, Va., for plaintiff.

Aubrey R. Bowles, III, Richmond, Va., for defendant.

### MEMORANDUM OPINION

MICHAEL, District Judge.

Plaintiff, Donald L. White, brings this civil action for money damages against his

employer, E. I. du Pont de Nemours and Company (du Pont) alleging negligence and strict liability on their part. Plaintiff has properly invoked the jurisdiction of this court pursuant to 28 U.S.C. § 1332. Specifically, the plaintiff avers that while in the employment of du Pont he was exposed to dimethylformamide (DMF), a chemical both manufactured by du Pont and employed by du Pont in the orlon making process. Plaintiff declares that this exposure has caused him to suffer severe and permanent personal injury. On April 28, 1981, the defendant answered plaintiff's complaint and filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Oral argument was heard on defendant's motion for summary judgment on July 2, 1981.

Plaintiff, for some years prior to these events, was employed by du Pont at its Waynesboro, Virginia plant. In March of 1979 plaintiff was transferred to the orlon making division of the same Waynesboro plant. Plaintiff alleges that shortly after being transferred to the orlon division he began suffering symptoms consistent with those that occur as a result of poisoning by the chemical dimethylformamide. DMF is manufactured by du Pont at one of its other manufacturing plants.

It is undisputed that plaintiff and defendant had accepted the provisions of the Virginia Workmen's Compensation Act, § 65.-1–1 et seq. of the Code of Virginia (1950), as amended. On October 16, 1980, plaintiff filed an application for a hearing with the Industrial Commission alleging an occupational disease (liver difficulties from exposure to DMF) against his employer, du Pont. In an opinion dated December 23, 1980, Deputy Commissioner Yates held that the claimant failed to carry the burden of showing an occupational disease which is the responsibility of du Pont. Accordingly, the claim was denied and the case dismissed. No appeal was taken. Subsequently, plaintiff filed this action on April 2, 1981. The court, finding no genuine is-

sue as to any material fact, holds that the case is now mature for disposition.

■ du Pont has based its motion for summary judgment on the proposition that plaintiff's exclusive remedy is under the Virginia Workmen's Compensation Act, in particular § 65.1–40 of the Code of Virginia (1950), as amended. In response, the plaintiff advances to the court a theory that has become known as the dual capacity doctrine. In brief, this doctrine says that an employee, eligible to receive workmen's compensation benefits from his employer, should also be allowed to sue the employer in tort as a third party on the ground that the cause of his injury is the employer's breach of a duty not arising out of the employer-employee relationship. Thus, the plaintiff submits that he has two causes of action. The first is a cause of action for workmen's compensation benefits, which has been denied, and the second is a cause of action for negligence or breach of warranty as manufacturer of DMF, an allegedly dangerously defective product.

■ Plaintiff cites only one case that upholds the dual capacity doctrine and that case has only the authority of persuasion in this jurisdiction. That case is *Douglas v. E. & J. Gallo Winery*, 69 Cal.App.3d 103, 137 Cal.Rptr. 797 (1977). In *Douglas, supra,* the plaintiffs suffered injury during the course of their employment when a scaffolding they were working on collapsed. Their defendant-employer manufactured the scaffolding for sale to the general public, but being in need of scaffolding for repairs to its own place of business, the defendant furnished its employees scaffolding from its own inventory. This situation is distinguishable from the facts in the instant case. In the case before us, du Pont manufactured the offending agent, DMF, for its own use in the manufacturing of orlon, not for direct sale to the general public. The plaintiff's alleged injury here occurred as a result of exposure to DMF during the manufacturing process of orlon. A member of

**304**

the general public purchasing orlon would not be exposed to the same hazards produced by DMF, as would be an employee of du Pont, who participating in the orlon manufacturing process. Thus, in *Douglas* the plaintiff was injured by a finished product available to the general public while Mr. White was allegedly injured by a chemical not being sold to the general public but being used in the manufacturing process of orlon. The plaintiff has denominated DMF as the offending agent, not orlon.

Certainly in this case, this court, sitting as a federal District Court in diversity, is required to apply Virginia law to the resolution of the controversy. No case has been found in Virginia which even hints at the possibility of the dual capacity doctrine being applicable under the workmen's compensation laws in the Commonwealth. If there is to be such an adoption of such doctrine, it would be more seemly, by far, for that adoption to come either by the decision of the courts of the Commonwealth of Virginia or by the legislature of the Commonwealth of Virginia.

In the face of the long line of cases and the statutory authority in Virginia holding workmen's compensation to be the exclusive remedy in this situation, and in light of the fact that *Douglas* is distinguishable from the case at bar, this court cannot accept the plaintiff's invitation to adopt the dual capacity doctrine in this case.