**Odie Leon KAST, Plaintiff,**

v.

**PPG INDUSTRIES, INC., and Pittsburgh Plate Glass Co., Defendants.**

Civ. A. No. 85-0498-R.

United States District Court,
W.D. Virginia,
Roanoke Division.

July 8, 1987.

238

Gary C. Hancock, Gilmer, Sadler, Ingram, Sutherland & Hutton, Pulaski, Va., for plaintiff.

Gary E. Tegenkamp, Woodward, Fox, Wooten & Hart, Roanoke, Va., for defendants.

## MEMORANDUM OPINION

TURK, Chief Judge.

This case comes before the court on the defendants' motion for summary judgment. The defendants argue that the statute of limitations bars certain counts in the plaintiff's amended complaint and, otherwise, that the Virginia Workers' Compensation Act precludes the plaintiff's action. Although the court rejects defendants plea of the statute of limitations, it upholds the argument based on the Workers' Compensation Act and grants summary judgment in the defendant's favor.

## BACKGROUND

The plaintiff, Odie Leon Kast, was an employee of Alekna Construction, Inc. ("Alekna"), a general contractor retained by Virginia Polytechnic Institute and State University ("VPI") to build undergraduate housing. The defendant, PPG Industries, Inc. ("PPG") was the subcontractor responsible for furnishing all the glass and glazing required for the project. The defendant, Pittsburgh Plate Glass Company (Pittsburgh Plate) is a shell company related to PPG. Pittsburgh Plate was a plate glass manufacturer until the late 1960's.

Then PPG took over Pittsburgh Plate's manufacturing functions, leaving Pittsburgh Plate to exist on paper but with no real activities.

PPG's participation in the VPI project began in August of 1983. At that time, PPG informed Alekna that it had insufficient manpower to install some large glass panels and that it might have to delay its work until it could get enough workers to complete the job. Alekna told PPG that PPG's phase of the project was critical and that it would loan some of its own workers to PPG to help finish the job on time.

On August 29, 1983 a PPG job foreman told Alekna's superintendent that he needed more workers to install three large pieces of glass in a high bay area. Accordingly, Alekna directed several of its workers, including Kast, to assist the PPG crew in installing the glass. The Alekna workers then began helping the PPG crew install the panels under the direction of PPG's job foreman. While they were installing the third panel, it shattered and cut Kast's hand.

After the accident and injury Kast applied for and received workers' compensation benefits. In this suit he seeks additional compensation from the defendants. He argues that PPG is a third party, not his employer under the Workers' Compensation Act, and that PPG is therefore potentially liable to him beyond the amount already awarded under the Act. He also contends that PPG acted in a dual capacity when it performed its subcontract—first as a subcontractor, second as a glass manufacturer. Kast argues that even if the Act protects PPG in its capacity as a statutory employer, it does not protect PPG from suit in its capacity as the manufacturer of the allegedly defective glass panel.

The defendants counter that both of Kast's arguments are based on an erroneous interpretation of Virginia's Workers' Compensation Act. They stress that Kast is barred as a matter of law from additionally recovering against these defendants because he already has received benefits under the Act.

The defendants also argue that certain counts in Kast's complaint, those which Kast amended on April 15, 1987, are barred by the statute of limitations. The plaintiff's original complaint named Pittsburgh Plate as the manufacturer of the faulty glass and asserted that Pittsburgh Plate was liable to the plaintiff on a products liability theory. When Kast learned subsequently that PPG manufactured the glass, not Pittsburgh Plate, he amended the complaint to identify the manufacturer correctly as PPG. Kast filed his amendments on April 15, 1987, more than two years after the appropriate statute of limitations had run. He argues that the amendments relate back to the date of the original complaint, which was filed within the statutory period. The defendants contend, however, that the amendments created a separate cause of action of which the defendants had no notice at the time of the original complaint and, therefore, that they do not relate back.

The parties argued their positions at hearings before the court on April 15 and June 22, 1987.

## DISCUSSION

### I. *The Statute of Limitations does not Bar Plaintiff's Amendments*

Rule 15(c) of the Federal Rules of Civil Procedure provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

F.R.Civ.P. 15(c).

In cases involving an incorrect description of a defendant, courts have held that Rule 15(c) allows a corrective amendment to relate back when it is clear that the defendant before the court is the party the plaintiff originally intended to sue. 3 J. Moore, Moore's Federal Practice ¶ 15.-15(4–1) (2d ed. 1985), *cited in, Bell v. P & B Mfg. Corp.*, 107 F.R.D. 371 (W.D.Tenn. 1985).

The only reason that Kast incorrectly named Pittsburgh Paint as the manufacturer of the glass was its ignorance of the mid-sixties corporate restructuring that passed Pittsburgh Plate's manufacturing functions to PPG. Despite the misnomer in the complaint, PPG received notice of the products liability claim when it was served with Kast's initial timely, and otherwise correct, complaint. PPG, better than any other entity, knew about its relationship with Pittsburgh Plate and knew that the inclusion of Pittsburgh Plate was most likely the result of plaintiff's ignorance of PPG's and Pittsburgh Plate's corporate relationship. Under these circumstances, the plaintiff's amendments charging PPG with defectively manufacturing the glass do relate back to the date of the original complaint and are not barred by the statute of limitations. *See Davis Water & Waste Indus. v. Jim Wilson, Inc.*, 67 F.R.D. 509, 510 (E.D.Tenn.1974).

### II. *PPG is not an "other party" under Virginia's Workers' Compensation Act.*

In most cases of employee injuries, the Virginia Workers' Compensation Act is an exclusive remedy. Once an injured employee is compensated under the Act, generally he or she is barred from bringing a common law tort action against the employer. Va.Code § 65.1–40. When, however, the employee's injuries arise from the conduct of a third party, an "other party" in the Act's terms, he may recover in a tort action against that party aside from receiving statutory compensation from the em-

ployer. VA.CODE § 65.1–41; *Slusher v. Paramount Warrior, Inc.,* 336 F.Supp. 1381, 1383 (W.D.Va.1971). The Virginia courts have limited the definition of "other party" to entities who are strangers to the trade, business, or occupation of the work being done. *Stewart v. Bass Constr. Co. Inc.,* 223 Va. 363, 288 S.E.2d 489, 491 (1982); *Feitig v. Chalkley,* 185 Va. 96, 38 S.E.2d 73 (1946).

■ A subcontractor engaged in an essential phase of the work being done under a general contract is considered not to be a stranger to the work of the general contractor. *Rea v. Ford,* 198 Va. 712, 717, 96, 96 S.E.2d 92 (1957). Thus, when an employee of a general contractor is injured by the alleged negligence of a subcontractor, the employee is limited to compensation under the act and may not bring an action for damages against the subcontractor. *Whalen v. Dean Steel Erection Co., Inc.,* 229 Va. 164, 327 S.E.2d 102, *appeal dismissed,* 474 U.S. 802, 106 S.Ct. 33, 88 L.Ed.2d 26 (1985).

■ It is undisputed that PPG was a subcontractor of Alekna, Kast's employer. PPG's specific task, to furnish and install windows and glass, was an essential part of the work on the dormitories that Alekna had contracted to build. As PPG was responsible for providing this primary component for the overall contracting job, it could not have been a stranger to Alekna's trade, business, and occupation. PPG's necessary involvement in various stages of the project with Alekna leads the court to conclude that it was not an "other party" under the Act. PPG is therefore immune from a common law suit by Kast.

### III. *There is no Dual Capacity Doctrine in Virginia*

According to the "dual capacity" doctrine, currently recognized only in California and Ohio, an employee eligible to receive worker's compensation benefits is also allowed to sue an employer in tort when the injury is caused by a defective product designed or manufactured by the employer. *Bell v. Industrial Vangas, Inc.,* 30 Cal.3d 268, 179 Cal.Rptr. 30, 637 P.2d 266 (1981); *Mercer v. Uniroyal, Inc.,* 49 Ohio App.2d 279, 361 N.E.2d 492 (1976). The justification for the doctrine is the idea that an employer's obligations to its employees are unrelated to its obligations to the general public that arise from its role as a purveyor of goods intended to enter the general stream of commerce. *See Simpkins v. General Motors Corp., Delco Moraine Div.,* 3 Ohio App.3d 275, 444 N.E.2d 1064 (1981). In line with this rationale, courts that adhere to the doctrine apply it only when the offending product is one that was manufactured for sale to the public. *Id.; see also, Bell, supra,* 179 Cal. Rptr. at 30, 637 P.2d at 266.

The plaintiff urges the court to apply the dual capacity doctrine here and to expose PPG to tort liability for its manufacture of the arguably defective glass. Although no Virginia case or statute expressly dismisses or approves of the doctrine, the plaintiff argues that the court may infer Virginia's acceptance of the doctrine from other cases and statutes. The court, however, is unwilling to fill in the blanks in the state's workers' compensation scheme by relying on implications and hidden meanings contained in the few cases and statutes cited by the plaintiff. *See Bassett Furniture Indus. Inc., v. McReynolds,* 216 Va. 897, 224 S.E.2d 323, 326 (1976); *Shell Oil Co. v. Leftwich,* 212 Va. 715, 187 S.E.2d 162, 167 (1972) (cases discussing subcontractor's role as statutory employer but neither involving products liability); VA.CODE 65.1–103 (making third parties liable for injuries not arising out of the course of employment).

■ By removing employer-manufacturers from the canopy of protection they now receive when they compensate employees according to the Act, the court's approval of the dual capacity doctrine would reshape the purpose of the state's worker's compensation scheme. It is only appropriate that such a fundamental restructuring of the statutory compensation scheme should come either by the decision of the Virginia state courts or by the Virginia legislature, not by a federal court exercising its diversity jurisdiction. *White v. E.I. Dupont de*

*Nemours and Co.,* 523 F.Supp. 302, 304 (W.D.Va.1981). Moreover, the court is persuaded more by the great majority of cases that conclude that the dual capacity doctrine is inconsistent with a reliable workers' compensation system than it is by the plaintiff's strained interpretation of a few distantly analogous cases and statutes. *See Horne v. General Elec. Co.,* 716 F.2d 253, 254 (4th Cir.1983); *Kottis v. United States Steel Corp.,* 543 F.2d 22, 26 (7th Cir.1976), *cert. denied,* 430 U.S. 916, 97 S.Ct. 1328, 51 L.Ed.2d 594 (1977); *Strickland v. Textron, Inc.,* 433 F.Supp. 326, 329 (D.S.C.1977). The court will not apply the dual capacity doctrine without an express acceptance of the doctrine by the Virginia courts or legislature.

## CONCLUSION

Within the circumstances of this case, PPG is not an "other party" under the meaning of Virginia's Workers' Compensation Act. Further, there is no Virginia state statute or case that supports the "dual capacity" doctrine in workers' compensation cases. Against these defendants, therefore, the plaintiff Kast is limited to benefits under the Workers' Compensation Act, which he has already received. Accordingly, summary judgment will be entered on behalf of the defendants.

An order consistent with this opinion will be entered on this day.