**MANILDRA MILLING CORPORATION, Plaintiff,**

v.

**OGILVIE MILLS, INC., Defendant and Third–Party Plaintiff,**

v.

**HENKEL CORPORATION and Henkel of America, Inc., Defendants and Third–Party Defendants.**

**Civ. A. No. 86–2457–O.**

United States District Court, D. Kansas.

June 30, 1989.

See also 127 F.R.D. 686.

W. Stanley Walch, Mark Sableman and Roman P. Wuller, Thompson & Mitchell, St. Louis, Mo., Charles D. Horner and Dennis L. Davis, Hillix, Brewer, Hoffhaus, Whittaker & Horner, Kansas City, Mo., and Murray J. Belman, Thompson & Mitchell, Washington, D.C., for plaintiff Manildra Milling Corp.

Robert D. Benham, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., Eugene Sabol, Paul Grandinetti and Mark Lee Hogge, Fisher, Christen & Sabol, Washington, D.C., and Bruce H. Weitzman, McDermott, Will & Emory, Chicago, Ill., for defendant and third-party plaintiff Ogilvie Mills, Inc.

Michelle M. Suter and R. Pete Smith, McDowell, Rice & Smith, Kansas City, Kan., John D. Gould and Daniel W. McDonald, Merchant, Gould, Smith, Edell, Welter & Schmidt, P.A., Minneapolis, Minn., and Robert L. Baechtold and David F. Ryan, Fitzpatrick, Cella, Harper & Scinto, New York City, for defendants and third-party defendants Henkel Corp. and Henkel of America, Inc.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendants Henkel Corporation and Henkel of America's ("Henkel's") motion for summary judgment against plaintiff Manildra Milling.[1] Plaintiff's third amended complaint alleges five counts against Henkel: Count VIII alleges that Henkel violated section 1 of the Sherman Act, 15 U.S.C. § 1 (restraint of trade); Count IX alleges that Henkel violated section 2 of the Sherman Act, 15 U.S.C. § 2 (monopolization); Count X alleges that Henkel violated the Lanham Act, 15 U.S.C. § 1125(a) (unfair competition); Count XI alleges that Henkel tortiously interfered with Manildra's contracts; and Count XII alleges that Henkel committed business libel.

In considering the defendants' motion for summary judgment, the court must examine all the evidence in the light most favorable to the plaintiff. *Barber v. General Elec. Co.*, 648 F.2d 1272, 1276 n. 1 (10th Cir.1981). According to the federal rules, summary judgment is proper only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). Under this rule, the initial burden is on the moving party to show the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The moving party's burden may be met

---

1. Henkel also moves to strike plaintiff's supplemental response to the motion for summary judgment and a June 14, 1989, letter to the court. Plaintiff's supplemental response was filed soon after the deposition which revealed additional information; therefore, the supplemental response is both proper and timely. Henkel's motion to strike plaintiff's supplemental response will therefore be denied. Because the court did not consider plaintiff's June 14th letter in our decision, Henkel's motion to strike the letter is denied as moot.

when that party identifies those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2552.

Once the moving party has met these requirements, the burden shifts to the party resisting the motion. The nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552; *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party resisting the motion "may not rest upon the mere allegations or denials of his pleadings" to avoid summary judgment. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The mere existence of a scintilla of evidence will not avoid summary judgment; there must be sufficient evidence on which a jury could reasonably find for the nonmoving party. *Id.* at 251, 106 S.Ct. at 2511 (quoting *Improvement Company v. Munson,* 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1872)).

In support of their motion for summary judgment, defendants Henkel argue that plaintiff's claims are barred by the applicable statutes of limitation. In order to resolve defendants' motion, the court must address three issues: (1) What are the applicable statutes of limitation for the various claims against Henkel? (2) Does plaintiff's third amended complaint, which added Henkel as defendants, relate back to the date plaintiff's original complaint was filed? (3) When did plaintiff's causes of action accrue?

### Applicable Statutes of Limitation

■ The parties agree that Counts VIII and IX, which allege violations of the Sherman Act, are governed by a four-year statute of limitations. 15 U.S.C. § 156. The parties also agree that Counts X and XI,

the Lanham Act and tortious interference with contract claims, are governed by a two-year statute of limitations. K.S.A. 60–513(a)(3) and (4). As to Count XII, which plaintiff entitled "unfair competition", but which essentially states a claim for business libel,[2] plaintiff claims entitlement to a two-year statute of limitation, while Henkel claims it comes within the one-year statute of limitation for libel and slander. *See* K.S.A. 60–514(1). The court agrees with defendants Henkel, and holds that Count XII is governed by a one-year statute of limitation.

### Relation Back

Plaintiff filed its original complaint against defendant Ogilvie on October 16, 1986. Plaintiff's third amended complaint, which added defendants Henkel, was effectively filed June 30, 1988.[3] Federal Rule of Civil Procedure 15(c) allows an amended complaint that changes or adds a party to "relate back" to the original complaint's filing date if three requirements are met: (1) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading; (2) within the applicable statute of limitation, the party to be brought in by amendment received notice of the action and will not be prejudiced; and (3) within the applicable statute of limitation, the party to be brought in by amendment knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against it.

■ Plaintiff has met these three requirements. First, the original complaint alleged that the conduct which has caused it injury occurred both before and after January 31, 1985, the date Henkel sold its assets to Ogilvie. The third amended complaint alleges no new conduct; it merely

---

2. In Count XII of its third amended complaint, Manildra states that Henkel, with malice, published false and disparaging claims to Manildra's potential buyers that Manildra's M–80 wheat starch infringes certain patents. Despite Manildra's label of "unfair competition", the court concludes that Count XII states a claim for business libel.

3. *See Wallace v. Sherwin–Williams Co.,* 720 F.Supp. 158 (D.Kan.1988) (The effective filing date of an amended complaint is the date upon which the subsequently successful motion for leave to amend is filed.)

**570**

clarifies which defendant was responsible at which times. Thus, the claims asserted in plaintiff's third amended complaint arose out of the same conduct set forth in its October 16, 1986, complaint. Second, the record evidences that Henkel received notice of the lawsuit in November 1986, well within the applicable statutes of limitation. Finally, Manildra has adduced sufficient evidence to prove that Henkel knew or should have known that it was responsible for the pre-January 31, 1985, conduct and that plaintiff's suing Ogilvie alone was a mistake. Because the details of the sale between Henkel and Ogilvie were confidential, plaintiff was unaware that Ogilvie did not assume Henkel's liabilities. The incorrect naming of Ogilvie as the sole defendant is the kind of mistake contemplated for correction under Rule 15(c). *See, e.g., Kast v. PPG Industries, Inc.,* 664 F.Supp. 237, 239 (W.D.Va.1987) ("Rule 15(c) allows a corrective amendment to relate back when it is clear that the defendant before the court is the party the plaintiff originally intended to sue."); *Howard v. Penn Central Transportation Co.,* 87 F.R.D. 342, 344, 346 (N.D.Ohio 1980) ("Rule 15(c) does apply to the amended complaint because Conrail had notice of the suit and because the failure to sue Conrail as an independent entity resulted from a misunderstanding about the 'liability relationship' between Conrail and Penn Central."); *Williams v. Avis Transport of Canada, Ltd.,* 57 F.R.D. 53, 54–55 (D.Nev.1972). Accordingly, the court holds that plaintiff's third amended complaint relates back to the date its original complaint was filed, October 16, 1986.

*Accrual of Plaintiff's Causes of Action*

■ Plaintiff has offered sufficient evidence to indicate that there exists a genuine issue as to whether Henkel's conduct continued until the sale to Ogilvie on January 31, 1985. In determining when a cause of action accrues for a continuous violation, the general rule is that a statute of limitation does not begin to run on a continuing

wrong until the wrong is "over and done with." *Taylor v. Meirick,* 712 F.2d 1112, 1118 (7th Cir.1983). Thus, for purposes of this motion, the court holds that plaintiff's causes of action accrued on January 31, 1985. Consequently, Counts VIII, IX, X and XI are not time barred.[4] Count XII, however, which is governed by the one-year statute, is time barred, since plaintiff filed its action approximately 21.5 months after January 31, 1985. Therefore, defendants' motion will be granted as to Count XII.

IT IS THEREFORE ORDERED that defendants' motions to strike plaintiff's supplemental response and the letter to the court dated June 14, 1989, are denied.

IT IS FURTHER ORDERED that defendants' motion for summary judgment against plaintiff is granted as to Count XII and denied as to Counts VIII, IX, X and XI.

---

**4.** For Counts VIII and IX, the antitrust claims, plaintiff's complaint was filed approximately 21.5 months after January, 31, 1985, well within the four-year statute. Similarly, plaintiff's October 16, 1986, filing met the two-year statute for Counts X and XI.