883 F.2d 70
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cecilia Ann SCULLION, Plaintiff--Appellant,
v.
Roger M. GONZALES, Kathleen M. Tonzola, Defendants--Appellees,
and
Stone Container Corporation, Senn Trucking Company, Defendants.
 No. 88-2987.
 United States Court of Appeals, Fourth Circuit.
 Argued June 9, 1989.
Decided Aug. 3, 1989.
 
 Robert L. Mills (Rutter & Montagna on brief) for appellant.
 Richard Alan Saunders (Furniss, Davis, Rashkind and Saunders on brief) for appellees.
 Before WIDENER, Circuit Judge, JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation, and WALTER E. HOFFMAN, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This case comes to the court as an appeal from the decision of the court below dismissing the appellees as defendants in a suit instituted by the appellant. This action was first filed in the State Circuit Court in Portsmouth, and later removed to the United States District Court for the Eastern District of Virginia.
 
 I.
 
 2
 As is usual in many workers' compensation cases, the factual pattern is somewhat convoluted, but may be briefly stated as follows. The appellant was employed by an organization operating under the name of Senn Intermodal Transport. Senn Intermodal Transport is an internal division, having no separate legal existence of any sort, of Senn Trucking Company. The appellant's employment with Senn Intermodal Transport was as sales representative and manager of its Norfolk, Virginia, Terminal.
 
 
 3
 The accident causing appellant's injury occurred when appellant was riding in the tractor of a tractor-trailer combination hauling materials for Stone Container Corporation from its place of business near Hopewell, Virginia, to the Senn Intermodal Transport Terminal in Norfolk. The tractor-trailer overturned on a ramp leading to Interstate 264 in Portsmouth, Virginia. The tractor in question was owned by appellee, Kathleen M. Tonzola, and operated by appellee, Roger M. Gonzales.
 
 
 4
 Senn Intermodal Transport had negotiated for an obtained a lease from the appellee, Tonzola, for the use of the tractor to haul cargo from various points to the Senn Intermodal Transport Terminal in Norfolk. It was on one of these trips, made in accordance with the lease provisions, that the accident occurred. At the time of the accident, there appears to be no dispute that the appellant was riding in the tractor in pursuit of her employment by Senn Intermodal Transport, returning from a trip to the Stone Container Company's place of business where she had investigated certain complaints by other tractor trailer operators that Stone was overloading their trailers.
 
 
 5
 Both the appellant and the appellee, Gonzales, applied for and received worker's compensation payments for their injuries received in the accident under the policy which insured Senn Trucking Company, and thus covered its internal division, Senn Intermodal Transport.
 
 
 6
 In the appellant's motion for judgment filed in the State Court, treated as the complaint when the case was removed to federal court, the appellant alleged that Gonzales was acting as an agent and employee of Tonzola, and was driving the tractor-trailer as an "employee and agent of Senn Trucking Company". In addition to the appellees, Gonzales and Tonzola, the motion for judgment also named Senn Trucking Company and Stone Container Corporation as defendants.
 
 
 7
 In the proceedings in the United States District Court, Senn Trucking Company was dismissed by an order of that court, where counsel for all parties conceded that jurisdiction of any claim the appellant might have against Senn Trucking Company was exclusively lodged with the Industrial Commission of Virginia. That conclusion flowed from the fact that there had been an award of workers' compensation benefits to the appellant against Senn Intermodal Transport covered by the policy which insured Senn Trucking Company.
 
 
 8
 Thereafter, Gonzales and Tonzola filed a motion to dismiss for lack of subject matter jurisdiction in the court below, as a result of the bar of the Virginia Workers' Compensation Act. That motion was opposed by the appellant on the grounds that the two appellees were in fact independent contractors of Senn Intermodal Transport. After briefing and arugment, the court below granted the motion to dismiss as to Gonzales and Tonzola. The case then proceeded to trial against Stone Container Corporation and ended with a defense verdict, with the court thereafter dismissing Stone Container Corporation.
 
 
 9
 In its action in dismissing Gonzales and Tonzola from the suit below, the court found that Gonzales and Tonzola were, in effect, under the law of Virginia, co-employees of the appellant, while the appellant asserted that they were independent contractors.
 
 
 10
 In an affidavit made by the President of Senn Trucking Company, it was asserted that Senn Trucking Company is engaged in the business of transporting goods for others, and further asserted that on occasion Senn Trucking Company uses its own vehicles and its employed drivers for that purpose, but that it also contracts for the use of other vehicles and operators in carrying forward its business of transporting goods for others. The allegations of the President of Senn Trucking Company are not disrupted in the record.
 
 II.
 
 11
 The law governing the issues in this case is, to use an old up-country expression, "a short horse and quickly curried." In fact, if the appellees were subcontractors, then the appellant's suit would properly lie against the appellees. However, Virginia recognizes a principle which qualifies the general statement that the independent contractor may be sued by the employee of the entity engaging the independent contractor or subcontractor.[1] That qualification of the doctrine requires a pursuit of the facts to determine if the subcontractor is in fact engaged as an independent contractor or subcontractor (hereinafter "subcontractor") in the "trade, business, or occupation" of the employer. The Supreme Court of Virginia has clearly maintained that any action against a third party in this fact pattern may lie only where the third party is a stranger to the "trade, business, or occupation" in which the plaintiff-employee was involved. Rea, Administratrix v. Ford, 198 Va. 712, 96 S.E.2d 92 (1957). Determining the answer to this question is generally a factual pursuit.
 
 
 12
 In essence, it is conceded that the business of Senn Trucking Company is in fact the business of transporting goods belonging to others. Further revealed in the facts is the conclusion that both the appellant and appellees were acting within the scope of their employment at the time of the accident which created the injuries, and the appellant and appellees were at that time carrying out a part of the "trade, business, or occupation" of Senn Trucking Company.
 
 
 13
 In a case remarkably similar factually to the instant case the Supreme Court of Virginia considered this matter. See Conlin v. Turner's Express, Inc., 229 Va. 557, 331 S.E.2d 543 (1985). In that case, the plaintiff, an employee of the Ford Assembly Plant in Norfolk, Virginia, was injured when the forklift which she was operating was driven into a truck trailer which was owned by Turner's Express and operated by Drummond, an employee of Turner's Express. There had previously been a contract between Ford and Turner's Express concerning delivery of various parts and machinery from the Ford assembly plant in Norfolk to a Ford plant in New Jersey. In considering the matter, the Supreme Court of Virginia held that such transportation of parts and machinery from one plant to another of an employer was an essential element of the employer's business. From this flowed the conclusion that the owner and the driver of the tractor-trailer in which the plaintiff was injured were engaged in the trade, business or occupation of Ford so that they could not then be subject to suit by the employee of Ford. The conclusion reached by the court was that in this fact pattern the plaintiff's exclusive remedy was under the Virginia Worker's Compensation Act.
 
 
 14
 No later case involving Virginia law has been found which modifies or constricts the holding in Conlin in any way. In fact, two later cases follow essentially the same rationale, Smith v. Horn, 232 Va. 302, 351 S.E.2d 14 (1986) and Kast v. PPG Industries, Inc., 664 F.Supp. 237 (W.D.Va.1987).
 
 
 15
 In brief, the conclusion is inescapable that neither Tonzola nor Gonzales were strangers to the employment of the appellant and both the appellee subcontractor and appellee employer of the driver were both engaged in the "trade, business or occupation" of Senn Trucking Company. Under the clear enunciation by the Supreme Court of Virginia of the rule of law governing the case and considering the fact pattern presented by this case, the decision of the court below must be
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 Whether the appellees were independent contractors or subcontractors who are not also independent contractors will in many cases have significant legal consequences. However, that distinction is not of significance in this case as the principles of law set out infra apply equally to independent contractors and subcontractors