**MANILDRA MILLING CORPORATION, Plaintiff,**

v.

**OGILVIE MILLS, INC., Defendant and Third–Party Plaintiff,**

v.

**HENKEL CORPORATION and Henkel of America, Inc., Defendants and Third–Party Defendants.**

Civ. A. No. 86–2457–0.

United States District Court, D. Kansas.

Aug. 8, 1990.

W. Stanley Walch, Mark Sableman, Anthony K. Conroy, Thompson & Mitchell, St.

Louis, Mo., Charles D. Horner, Dennis L. Davis, Hillix, Brewer, Hoffhaus, Whittaker & Horner, Kansas City, Mo., Murray J. Belman, Thompson & Mitchell, William K. West, Jr., Wayne Jones, Cushman, Darby & Cushman, Washington, D.C., for Manildra Milling Corp.

Robert D. Benham, McAnany, Van Cleave & Phillips, PA, Kansas City, Kan., Eugene Sabol, Paul Grandinetti, Mark Lee Hogge, Fisher, Christen & Sabol, Washington, D.C., Bruce H. Weitzman, McDermott, Will & Emory, Chicago, Ill., John D. Gould, Daniel W. McDonald, Merchant, Gould, Smith, Edell, Welter & Schmidt, P.A., for Ogilvie Mills.

Michelle M. Suter, R. Pete Smith, McDowell, Rice & Smith, Kansas City, Kan., Robert L. Baechtold, David F. Ryan, Fitzpatrick, Cella, Harper & Scinto, New York City, for Henkel Corp. and Henkel of America, Inc.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on Henkel Corporation's and Henkel of America, Inc.'s ("Henkel's") motion for reconsideration or clarification of the court's June 30, 1989, order. 723 F.Supp. 567. In that order, the court denied Henkel's motion for summary judgment with respect to Counts VIII through XI of plaintiff's third amended complaint. For the reasons set forth below, Henkel's motion for reconsideration will be granted in part and denied in part.

## BACKGROUND

Plaintiff Manildra Milling Corporation ("Manildra") filed its original complaint against defendant Ogilvie Mills, Inc. ("Ogilvie") on October 16, 1986. Manildra's third amended complaint, which added defendants Henkel, was effectively filed July 5, 1988.[1]

Manildra's third amended complaint alleges five counts against Henkel: Count VIII alleges that Henkel violated section 1 of the Sherman Act, 15 U.S.C. § 1 (restraint of trade); Count IX alleges that Henkel violated section 2 of the Sherman Act, 15 U.S.C. § 2 (monopolization); Count X alleges that Henkel violated the Lanham Act, 15 U.S.C. § 1125(a) (unfair competition); Count XI alleges that Henkel tortiously interfered with Manildra's contracts; and Count XII alleges that Henkel committed business libel.

Henkel moved for summary judgment on all five counts alleging that each of the claims was barred by the applicable statutes of limitation. On June 30, 1989, the court issued an order granting Henkel's motion with respect to Count XII and denying the motion with respect to the remaining four counts.

In its current motion, Henkel contends that the court erred in two respects: (1) in holding that Manildra's third amended complaint against Henkel related back to the date of Manildra's original complaint; and (2) in failing to grant partial summary judgment on Counts VIII–XI based on the statute of limitations defense with respect to any claim involving Appleton Paper Company.

## DISCUSSION

*1. Relation Back Under Rule 15(c)*

■ Federal Rule of Civil Procedure 15(c) allows an amended complaint that changes or adds a party to "relate back" to the original complaint's filing date if three requirements are met: (1) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading; (2) within the applicable statute of limitation, the party to be brought in by amendment received notice of the action and will not be preju-

---

1. In the order of June 30, 1989, the court erroneously stated that the effective filing date of the third amended complaint was June 30, 1988. A review of the docket sheet demonstrates, however, that Manildra filed its subsequently successful motion for leave to file third amended complaint on July 5, 1988.

diced; and (3) within the applicable statute of limitation, the party to be brought in by amendment knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it.

■ In the order of June 30, 1989, the court held that Manildra's third amended complaint related back to the date Manildra's original complaint was filed. In support of this holding, the court first found that Manildra's third amended complaint contained the same allegations as did the original complaint. Second, the court found that Henkel received notice of the lawsuit in November 1986, which was within the applicable statutes of limitation. Finally, the court found that Manildra had produced sufficient evidence to prove Henkel knew or should have known, within the applicable statutes of limitation, that it was responsible for certain of Manildra's claims and that Manildra's suing Ogilvie alone was a mistake.

In its motion for reconsideration, Henkel asserts that Manildra's failure to name Henkel in its original complaint was not a "mistake" cognizable under Rule 15(c). Specifically, Henkel argues that Manildra's ignorance about the "liability relationship" between Henkel and Ogilvie following Henkel's sale of assets to Ogilvie does not provide a basis for a Rule 15(c) mistake.

Before discussing the merits of Henkel's argument, the court finds it appropriate to briefly review the evidence introduced by Manildra with respect to its failure to originally name Henkel as a defendant. From November 1978 until January 1985, Henkel owned and operated, through a subsidiary,

a wheat starch and wheat gluten business. During this period of ownership, Henkel offered to sell the business to several companies, including Manildra. Manildra claims that the sale was to be accomplished by the sale of stock of the Henkel subsidiary that owned the wheat starch business. Henkel eventually negotiated a sale of the wheat starch business to Ogilvie in January of 1985. Manildra claims that the terms of this sale were never revealed to the public. Manildra further claims that, because of the secrecy of the sale, it could not determine if Henkel or Ogilvie was responsible for misconduct occurring prior to the sale. Accordingly, Manildra states in its memorandum opposing Henkel's motion for summary judgment that it "initially sued Ogilvie, but not Henkel, since it could not determine if Henkel was responsible for misconduct occurring before the Henkel–Ogilvie sale ..."

After careful review, the court agrees with Henkel that the "mistake" made by Manildra is not cognizable under Rule 15(c). When a complaint is amended to change the party against whom a claim is asserted, Rule 15(c) allows for "relation back" of the amendment if the new party "knew or should have known that, but for a mistake concerning the *identity* of the proper party, the action would have been brought against the party". (Emphasis added.) Although the court has been unsuccessful in locating any case that has interpreted Rule 15(c) under identical circumstances [2], the court is of the opinion that "relation back" will not apply where, as here, the plaintiff is aware of a potential defendant, but is simply unsure about that party's potential liability.[3] *See* Brussack,

---

**2.** In an analogous situation, the United States District Court for the Northern Division of Illinois held that an amended complaint did not relate back to the date of the original complaint, where the joined defendants were omitted from the original complaint because of the plaintiff's lack of knowledge as to the proper defendants at the time the original complaint was filed. *Rylewicz v. Beaton Services, Ltd.,* 698 F.Supp. 1391, 1399 (N.D.Ill.1988).

**3.** The court notes that two divergent lines of authority have emerged in interpreting the "mis-

taken identity" requirement. Courts adopting a liberal interpretation of the requirement have found mistakes "whenever a party who may be liable for the actionable conduct alleged in the Complaint was omitted as a party defendant." *Williams v. Avis Transport of Canada,* 57 F.R.D. 53, 55 (D.Nev.1972). *Accord, Taliferro v. Costello,* 467 F.Supp. 33 (E.D.Penn.1979). In contrast, courts adopting a strict approach have held that the requirement covers only those cases in which the party seeking to amend has made a true mistake concerning the identity or name of the proper party. *Norton v. International Har-*

*Outrageous Fortune: The Case for Amending Rule 15(c) Again,* 61 S.Cal.L. Rev. 671 (1988). By Manildra's own admissions, it was aware of Henkel's existence at the time it filed its original complaint. Further, Manildra acknowledges that it was unsure of Henkel's potential liability and thus made a conscious decision to leave Henkel out of the original complaint. Accordingly, any "mistake" in failing to name Henkel as a defendant in the original complaint was the result of Manildra's failure to diligently research the liability of the two potential defendants. Even if, as Manildra contends, the question of Henkel's potential liability was unascertainable prior to the start of litigation, the prudent choice would have been to name Henkel as a defendant and later dismiss them if necessary. Accordingly, the court concludes that Manildra is not entitled to the benefit of the "relation back" provisions of Rule 15(c).

Having concluded that Manildra's third amended complaint against Henkel does not relate back to the date of Manildra's original complaint, the court finds it necessary to determine if any of Manildra's claims are barred by the appropriate statutes of limitation. The court previously determined that, for purposes of Henkel's summary judgment motion, Manildra's causes of action accrued on January 31, 1985. Consequently, Counts VIII and IX, which are governed by a four-year statute of limitations, are not time barred. However, Counts X and XI, which are governed by a two-year statute of limitations, are untimely and will be dismissed.[4]

### 2. Failure to Grant Partial Summary Judgment

In its second argument, Henkel contends that the court erred in failing to grant partial summary judgment on the remaining counts with respect to Henkel's

dealings with Appleton Paper Company ("Appleton"). In support of its argument, Henkel asserts that it has not had any communications with Appleton concerning Manildra or the patents at issue subsequent to September 1981. Accordingly, Henkel asserts, in light of the four-year statute of limitations for antitrust actions, a timely antitrust claim concerning its dealings with Appleton would have to have been brought by September of 1985.

In the surviving counts, Counts VIII and IX, Manildra asserts antitrust claims against Henkel pursuant to Sections 1 and 2 of the Sherman Act. Specifically, in Count VIII, Manildra claims that Henkel, in combination with its exclusive licensee Midwest Grain Products ("Midwest"), made claims to manufacturers of carbonless copy paper that it owned valid patents that were infringed by Manildra and threatened legal action and made other threats relating to the patents against prospective buyers of Manildra's large-granule wheat starch. In Count IX, Manildra contends that Henkel's attempts to convince potential buyers that the patents were valid, and that Manildra's products infringed upon the patents, were in bad faith and were an attempt to monopolize the market for large-granule wheat starch products.

After reviewing the evidence submitted by both parties, the court finds that Henkel is not entitled to partial summary judgment with respect to its dealings with Appleton. Although Henkel contends that any communications with Appleton concerning Manildra or the patents at issue were "over and done with" in 1981, Manildra has submitted evidence indicating that Ogilvie sales people had a standard "litany" which they went over with customers and which was intended to discourage customers from buying from Manildra. Although this evidence admittedly comes from the time peri-

---

*vester,* 627 F.2d 18 (7th Cir.1980); *Wood v. Worachek,* 618 F.2d 1225 (7th Cir.1980) (holding that Rule 15(c) "permits an amendment to relate back only where there has been an error made concerning the identity of the proper party ... but it does not permit relation back where ... there is a lack of knowledge of the proper party."). The Tenth Circuit appears to favor the

latter approach. *See Anderson v. Deere & Co.,* 852 F.2d 1244, 1248 (10th Cir.1988); *Watson v. Unipress, Inc.,* 733 F.2d 1386, 1390 (10th Cir. 1984).

4. Manildra's third amended complaint was filed approximately 41 months after January 31, 1985, well outside the two-year statute.

od after Henkel had sold the business to Ogilvie, the court notes that Manildra has also presented evidence indicating that many of the Henkel personnel continued with Ogilvie after the Henkel–Ogilvie sale. In light of this evidence, and out of an abundance of caution, the court finds that, for purposes of this motion, it is reasonable to assume that the "litany" was regularly used prior to the Henkel–Ogilvie sale on January 31, 1985.[5] Accordingly, the court finds that triable issues of fact exist with respect to Henkel's dealings with Appleton.

IT IS THEREFORE ORDERED that Henkel's motion for reconsideration is hereby granted with respect to Counts X and XI and denied with respect to Counts VIII and IX.

---

5. In *Poller v. Columbia Broadcasting System,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962), the Supreme Court held that "summary procedures should be used sparingly in complex antitrust litigation where motive and intent play leading roles, the proof is largely in the hands of the alleged conspirators, and hostile witnesses thicken the plot." *Poller,* 368 U.S. at 473, 82 S.Ct. at 491.