**Alfred J. MARRIOTT, Plaintiff-Appellant,**

v.

**Dr. Stephen GOLDSTEIN, Radiologist, Defendant-Appellee,**

**and**

**City and County of Denver, Denver General Hospital, Dr. Harlan Kutscher, Attending Physician, Defendants.**

No. 82CA0773.

Colorado Court of Appeals, Div. I.

March 17, 1983.

Robert W. Caddes, Denver, for plaintiff-appellant.

Hansen & Breit, P.C., Robert W. Hansen, Douglas E. Best, Denver, for defendant-appellee.

STERNBERG, Judge.

The plaintiff, Alfred J. Marriott, appeals a summary judgment dismissing his medical malpractice claim against defendant Dr. Stephen Goldstein. We affirm.

Following an automobile accident on October 25, 1975, Marriott was taken to the emergency room of Denver General Hospital. He was unconscious at the time he was admitted and, while still unconscious, x-rays were taken. Marriott was released without being told of the x-rays or the results thereof. The following day, because he was experiencing severe pain, he went to another hospital. There, he was examined and found to have several broken ribs and other complications caused, he alleged, by the delay in obtaining treatment.

Marriott did not learn that he had been x-rayed at Denver General until he received a bill for services on July 24, 1978. He filed a complaint on February 21, 1979, stating several claims for relief for negligence and one for willful, wanton, and deliberate conduct in failing to advise him of his condition. This complaint named as defendants the City and County of Denver, Denver General Hospital, and John Doe and Richard Roe, attending physician and radiologist. On or about January 15, 1981, plaintiff filed an amended complaint substituting defendant Goldstein for Richard Roe.

Goldstein answered, alleging, among other things, that the 1981 complaint was barred by the statute of limitations. Contending there were no issues of material fact, he moved for summary judgment on that ground. Marriott contends that under the applicable statute of limitations, his action was not barred because the complaint was filed in 1979 and the amended complaint relates back to that date. He argues on that basis that granting summary judgment was improper because there was a factual issue of whether his claim was within the longer period of limitations for knowing concealment of a negligent act. We disagree.

The statute of limitations for medical tort claims is found at § 13–80–105, C.R.S.1973 (1982 Cum.Supp.). It was amended in 1977, effective July 1, 1977, and applies to all causes of action existing on the effective date. Colo.Sess.Laws 1977, ch. 198 at 818. In pertinent part, it provides that:

"(1) No person shall be permitted to maintain an action ... to recover damages from a licensed or certified hospital ... or from any person licensed in this state or any other state to practice medicine ... on account of the alleged negligence ... of the person in the practice of the profession for which he is licensed ... unless such action is instituted within two years after the person discovered, or in the exercise of reasonable diligence and concern should have discovered, the injury. In no event may such action be

instituted more than three years after the act or omission which gave rise thereto, subject to the following exceptions:

(a) If the act or omission which gave rise to the cause of action was knowingly concealed by the person committing such act or omission ... then such action may be instituted within two years after the person bringing the action discovered, or in the exercise of reasonable diligence and concern should have discovered, the act or omission."

Marriott argues and, for the purpose of his motion for summary judgment, Goldstein agrees that the cause of action accrued on July 24, 1978, when plaintiff discovered that the x-rays had been taken. See Short v. Downs, 36 Colo.App. 109, 537 P.2d 754 (1975). The parties also agree that the 1977 amendment controls, the cause of action having accrued after the effective date of the amendment. See Mishek v. Stanton, 200 Colo. 514, 616 P.2d 135 (1980).

January 15, 1981, is more than two years after Marriott discovered the act or omission, and more than three years after the act or omission which gave rise to the action. Therefore, under § 13–80–105, C.R.S. 1973 (1982 Cum.Supp.), even if a factual issue did exist as to whether there was knowing concealment, the claim would be barred unless the amended complaint relates back to February 21, 1979.

An amendment changing the party against whom a claim is asserted relates back to the date of the original complaint if, within the period allowed for commencement of the action, two requirements are met: the party to be brought in has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and he knew or should have known that the action would have been brought against him but for a mistake concerning the identity of the proper party. C.R.C.P. 15(c).

"Replacing a 'John Doe' caption with a party's real name amounts to 'changing a party' within the meaning of Rule 15(c), and thus will only relate back if all ... conditions specified in the Rule have

been satisfied." Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 177 (3d Cir.1977). Such a change requires a showing in the record that the requirements of C.R.C.P. 15(c) are met. See Dillingham v. Greeley Publishing Co., 661 P.2d 700 (Colo.App. 1982).

Neither Marriott's pleadings nor the affidavit filed with his brief in opposition to the motion for summary judgment indicate that facts showing notice to support his assertion that the amendment related back were presented to the trial court. Defenses and objections not presented to the trial court are deemed waived for purposes of appeal. Christensen v. Hoover, 643 P.2d 525 (Colo.1982). Therefore, because the amended complaint does not relate back under the trial court's order granting the amendment, Goldstein was entitled to judgment as a matter of law and summary judgment was properly granted. See Huydts v. Dixon, 199 Colo. 260, 606 P.2d 1303 (1980).

Judgment affirmed.

COYTE and SMITH, JJ., concur.