Cynthia Ann **WATSON**,
Plaintiff/Appellant,

v.

**UNIPRESS, INC.,** Defendant/Appellee.

No. 82–2538.

United States Court of Appeals,
Tenth Circuit.

May 4, 1984.

Thomas P. Zukaitis, Louisville, Colo. (Blaine A. Rutenbeck, Denver, Colo., with him on the brief), for plaintiff/appellant.

Walter W. Garnsey, Jr., Denver, Colo. (and James W. Hubbell, Denver, Colo., with him on the brief) of Kelly, Haglund, Garnsey & Kahn, Denver, Colo., for defendant/appellee.

Before SETH, Chief Judge, BARRETT, Circuit Judge and SAFFELS, District Judge.[*]

SAFFELS, District Judge.

Cynthia Watson brought this products liability action against several named and identified defendants and one unidentified defendant designated as "John Doe." After the applicable statute of limitations had expired, Watson discovered the identity of the "John Doe" defendant and moved the court for leave to file an amended complaint identifying the John Doe defendant as Unipress, Inc. Plaintiff's motion was

[*] Honorable Dale E. Saffels, U.S. District Judge for the District of Kansas, sitting by designation.

granted and the amended complaint was filed. Defendant Unipress, Inc., now BMM Weston, Inc.[1], filed a motion to dismiss and for summary judgment. The district court granted defendant's motion, concluding the suit was barred by the applicable statute of limitations even though plaintiff had named a "John Doe" defendant, and that plaintiff had not met the requirements of F.R.Civ.P. 15(c), which would allow the amendment to relate back to the filing date of the original complaint. Plaintiff appeals. For the reasons set forth below, we affirm.

Watson alleges the court erred in holding she could not join BMM as a defendant in a diversity action under Colorado law after the expiration of the statute of limitations even though she had named a "John Doe" defendant in her initial complaint.

Specifically, plaintiff contends the court's order was in error in that (1) the naming of a "John Doe" defendant in a diversity action based on Colorado law tolls the Colorado statute of limitations with respect to the John Doe defendant, and (2) if such statute of limitations is not tolled, F.R.Civ.P. 15(c) requires any amendment joining the John Doe defendant to relate back to the filing of the original complaint when (a) plaintiff diligently seeks to locate and identify the unknown defendant, and (b) no prejudice results to the unidentified defendant.

## BACKGROUND

Plaintiff was permanently disabled at seventeen years of age while operating a cabinet bosom press at McPeek Laundry and Cleaners in Golden, Colorado on December 12, 1975. On December 10, 1981, plaintiff commenced a products liability action in the federal district court of Colorado naming four specifically-identified defendants and a John Doe[2] defendant. The filing of this complaint was within the six-year Colorado statute of limitations applicable to plaintiff's claims.[3] On May 17, 1982, plaintiff filed a motion to amend the complaint to name BMM as a defendant. Although the motion was granted by the court on the same day, plaintiff did not serve BMM with process until June 9, 1982. Until this point in time, the district court found that BMM had no notice, either actual or constructive, of the incident of December 12, 1975.

The district court determined that the May 17, 1982, motion to amend was outside the statute of limitations and thus granted defendant BMM's motion to dismiss and for summary judgment. The court further determined that F.R.Civ.P. 15(c) could not be used to relate the amendment back to the date of the original complaint.

## ARGUMENT

Watson contends first that state, not federal, law should be applied to the issue of whether John Doe pleading tolls statutes of limitation. Watson argues that under Colorado law, John Doe pleading, permitted under C.R.Civ.P. 10(a),[4] tolls the statute of limitations against later-identified John Doe defendants (BMM in this action), and

1. BMM is a Minnesota corporation. In October, 1979, BMM merged with Unipress, Inc., another Minnesota corporation, and BMM emerged as the surviving corporation. In June, 1978, Unipress, Inc., purchased certain assets of a general partnership known as The Unipress Company. For purposes of this opinion, these entities shall collectively be referred to as "BMM."

2. American Laundry Machine Co.; McGraw-Edison Co., d/b/a American Laundry Machinery Co., a division of McGraw-Edison Co.; American Laundry Machinery Inc., a subsidiary of TF corporation; TFC and Martin Franchises, Inc.; and John Doe.

3. C.R.S. § 13-80-110 (1973)
At the time of the accident, plaintiff was a minor. She was born on March 10, 1958, and turned eighteen (18) on March 10, 1976. At the latest, the statute of limitations expired on March 10, 1982.

4. C.R.Civ.P. 10(a): *"Names of parties.* Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, if known to the person signing it, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties. A party whose name is not known shall be designated by any name and the words 'whose true name is unknown.'"

thus preserves a claim against a John Doe defendant if the original complaint is timely filed. Watson further contends that if John Doe pleading does not in itself toll the statute of limitations, then F.R.Civ.P. 15(c) should allow the amendment identifying a John Doe defendant to relate back to the date of the original filing of the complaint, and further that the three specific conditions required in Rule 15(c) be more liberally applied when the issue goes to viability or extinguishment of substantive rights. We find no merit in these arguments.

 Watson relies on C.R.Civ.P. 10(a) to support her contention that Colorado law permits John Doe pleading to toll statutes of limitations against unknown parties in actions in which it is exercised. We have examined C.R.Civ.P. 10(a) and determine the Colorado courts which have examined it in the context of "John Doe" pleadings have found it to be a rule concerned solely with the *form* of pleadings, as its title indicates. *Marriott v. Goldstein,* 662 P.2d 496 (Colo.App.1983). There is no indication in the rule itself that naming a John Doe defendant operates to toll the statute of limitations, nor have any Colorado courts recognized that the rule was intended to toll a statute of limitations or in any manner preserve any claims against parties who may later be identified. The rule and the state courts which have addressed it are totally silent as to the effect John Doe pleading has on the tolling of statutes of limitations. A reading of the rule makes it clear that C.R.Civ.P. 10(a) is only an attempt to standardize the method or form by which all complaints are to be made, not a device by which claims may be forever preserved.

In *Marriott v. Goldstein, supra,* the court held that naming a John Doe party in the caption of a complaint is not sufficient to toll the statute of limitations. In *Marriott,* plaintiff brought a medical malpractice action against a radiologist for his failure to notify plaintiff of broken ribs which had been revealed by x-rays. The cause of action accrued on July 28, 1978, and plaintiff timely filed a complaint on February 21, 1979, naming several defendants, two of which were unknown defendants designated as John Doe and Richard Roe. In this particular action, the trial court determined the applicable statute of limitations was a two-year statute, expiring on July 28, 1980.

On January 15, 1981, plaintiff filed an amended complaint substituting defendant Stephen Goldstein for Richard Roe. The court held "the claim would be barred [against Goldstein] *unless* the amended complaint relates back to February 21, 1979," the filing date of the original complaint. *Id.* at 498 (emphasis supplied).

In so holding, the Colorado court implicitly held that John Doe pleading, although permitted by C.R.Civ.P. 10(a), does not operate to toll the statute of limitations against unidentified defendants. Rather, the Colorado state court determined that "relation back" under C.R.Civ.P. 15(c) was the only manner in which the amendment could be made timely.

Although both parties devote considerable briefing to the issue of whether state or federal law on the tolling issue applies, we need not address this issue inasmuch as no federal statute or rule specifically countenances the naming of fictitious parties in a lawsuit, and the Colorado rule which Watson asserts as support for her argument has been interpreted by Colorado courts to not toll the statute of limitations in actions in which it is utilized. Thus, even applying Colorado law as Watson urges would not save Watson's cause of action against BMM.

By finding Colorado's John Doe pleading practice does not suffice to toll the statute of limitations in cases where it is invoked, we find no conflict between federal statutes or rules and C.R.Civ.P. 10(a). Where no direct conflict between the federal rule and state law exists, no choice need be made between federal and state law. *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980).

Watson next contends the amended complaint filed on May 17, 1982, naming BMM as a defendant should relate back to the date of the original complaint under F.R. Civ.P. 15(c),[5] and thus be considered timely filed. Moreover, Watson contends F.R. Civ.P. 15(c) operates differently in actions against John Doe defendants when the issue goes to viability or extinguishment of substantive rights than in actions against named parties where the issue is procedural in nature. We do not agree.

■ The district court held that adding BMM as a defendant in this action after the expiration of the statute of limitations amounted to adding a new party. *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171 (3rd Cir.1977); *Craig v. United States*, 413 F.2d 854 (9th Cir.), *cert. denied* 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969). We agree. In order for an amendment adding a new party to relate back to the date of the original complaint under Rule 15(c), all the conditions set forth in F.R.Civ.P. 15(c) must be met. *Archuleta v. Duffy's Inc.*, 471 F.2d 33 (10th Cir.1973).

In *Archuleta*, the original complaint was styled *Archuleta v. Duffy's Inc.* Plaintiff was allowed to amend the complaint, after expiration of the statute of limitations, to name Denver Pop Company, a Colorado corporation, as the defendant. Plaintiff alleged that Denver Pop Company was a related corporate entity which did business as Duffy's Inc. In actuality, however, these entities were totally separate and unrelated. The district court allowed the amendment holding that the designation of Denver Pop Company as defendant in the action was but a misnomer and should be allowed to relate back to the original date of the complaint under Rule 15(c).

This court disagreed that the naming of the defendant as Denver Pop Company constituted a simple misnomer. Although we recognized the general proposition that technicalities should not be allowed to defeat the proper administration of justice, we further recognized the necessity of distinguishing between misnomers and substitution of parties. *Graves v. General Insurance Corp.*, 412 F.2d 583 (10th Cir. 1969). We determined that when an amendment purports to substitute a party, as in the case here, "[s]uch amendment can relate back to the date the complaint was filed only if the provisions of Rule 15 are met." *Archuleta, supra*, 471 F.2d at 35.

Rule 15(c), Federal Rules of Civil Procedure, provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the

---

5. Both parties agree that federal law applies to the issue of "relation back" permitted under F.R.Civ.P. 15(c). However, C.R.Civ.P. 15(c) is in substantial accordance with the federal rule and has been interpreted by Colorado courts to require compliance of all its elements before relation back will be properly allowed.

In *Dillingham v. Greeley Pub. Co.*, 661 P.2d 700, 701 (Colo.App.1983), the court stated:

That portion of C.R.C.P. 15(c) which allows amendments to pleadings which reflect a change in or correction of misnamed parties to an action to relate back to the filing date of the original filing has three requirements.

First, the amendment must arise out of the same transaction or conduct set forth in the original pleadings. Second, the party misnamed or to be added or substituted for another must have received notice of institution of the lawsuit within the period allowed for commencement of the action sufficient to negate prejudice to it as it maintains its defense on the merits. Third, the substituted party must have known or should have known that suit would have been brought against it were it not for a mistake concerning the identity of the proper party. . . .

proper party, the action would have been brought against him.

 Hence, essentially three elements must be met before Rule 15(c) relation back will be allowed, even when the result could be extinguishment of the claim: (1) same transaction or occurrence; (2) the new party had notice of the action, prior to the expiration of the statute of limitations; and (3) he knew or should have known that but for a mistake in identity the action would have been brought against him.

 The trial court found that BMM received no notice of the action prior to the expiration of the six-year statute of limitations. The trial court further found defendant BMM neither knew or should have known prior to March 10, 1982, that except for a mistake concerning the identity of the proper parties, this action would have been filed against it.

Watson urges us to rely on *Ingram v. Kumar*, 585 F.2d 566 (2nd Cir.1978), *cert. denied* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979), and find it proper for an amendment adding a new party subsequent to the expiration of the statute of limitations to relate back to the date of the original complaint without complying strictly with the requirements of Rule 15(c). In *Ingram*, the plaintiff was permitted to amend his complaint after the expiration of the statute of limitations because the court determined the misspelling of the defendant's name amounted only to a minor misnomer and applied an exception to the requirements of F.R.Civ.P. 15(c).

In making its determination that the amendment was proper, the Second Circuit noted that this court's interpretation of F.R.Civ.P. 15(c) was inconsistent with its holding and proceeded to reject the Tenth Circuit's interpretation. *Ingram, supra*, 585 F.2d at 571, n. 10.

We believe the rule of *Archuleta*, which requires all elements of F.R.Civ.P. 15(c) be met before relation back of any amendment may be made, is a correct and proper interpretation of the rule. We further note that other circuits have interpreted F.R.Civ.P.

15(c) in like manner. *Varlack v. SWC Caribbean, Inc., supra; Sassi v. Breier*, 76 F.R.D. 487 (E.D.Wis.1977), *aff'd.* 584 F.2d 234 (7th Cir.1978).

Having considered all factual inferences in the light most favorable to the existence of issues of material fact, and in the light most favorable to plaintiff, Cynthia Watson, the party opposing the summary judgment motion, as we must do [*Buell Cabinet Co. v. Sudduth*, 608 F.2d 431 (10th Cir.1979) ], we affirm the order of the district court.

AFFIRMED.