13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tommy Carl MOORE, Plaintiff-Appellant,
v.
John DOE, Defendant-Appellee.
 No. 93-7056.
 United States Court of Appeals, Tenth Circuit.
 Dec. 29, 1993.
 
 ORDER AND JUDGMENT[1]
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining appellant's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Tommy Carl Moore appeals from an Order of the district court for the Eastern District of Oklahoma dismissing his 1983 claim.
 
 
 3
 Mr. Moore was arrested by Oklahoma State Trooper Mark Trunk on December 20, 1990, for four traffic offenses and one misdemeanor charge, and was delivered into the custody of Choctaw County Sheriff J.W. Trapp.[2] Although proper information was delivered to the office of the District Attorney of Choctaw County within twenty-four hours, Mr. Moore remained in jail until January 4, 1991, before being brought before a Magistrate Judge. Mr.Moore brought suit under 42 U.S.C.1983 on March 2, 1992, naming Sheriff J.W. Trapp and John Doe as defendants. On August 17, 1992, Mr. Moore moved to amend his complaint to add Choctaw County District Attorney David Webb. Motions for summary judgment for each side and other filings occurred over the next several months. On January 7, 1993, the district court issued an Order requiring Defendant Trapp to file a supplemental brief to help clarify the facts, and setting out the following questions to be answered:
 
 
 4
 1. Whether Okla. Stat. tit. 22, 181, and the tenets of Riverside v. McLaughlin, --- U.S. ----, 111 S. Ct. 1661 (1991) and Gerstein v. Pugh, 420 U.S. 103 (1975) were in fact violated, as it appears they were;
 
 
 5
 2. In Okla. Stat. tit. 21, 534, the arresting officer is held responsible for delays in taking a person before a magistrate or judge. As Plaintiff's jailer, was Defendant responsible? Defendant should address whether he caused or was responsible for the alleged violation of Plaintiff's rights, and how this affects his liability.
 
 
 6
 ....
 
 
 7
 4. Regarding Plaintiff's motion for leave to amend, was David Webb involved in this case, and wouldn't he be entitled to prosecutorial immunity?
 
 
 8
 (R. Vol. II Doc. 38.) Sheriff Trapp filed a response to the court's Order on February 25, 1993. On March 15, 1993, Mr. Moore moved for leave to amend his complaint again to add as defendants, Mark Trunk, the Oklahoma State Trooper who had arrested him, and Magistrate Judge Gail Craytor, before whom he was finally brought on January 4, 1991, for arraignment. On April 8, 1993, Mr. Moore filed a motion to dismiss his complaint against defendant Trapp with prejudice in light of a settlement, with the proviso that "[a]ll pending amended claims regarding defendants Webb, Craytor and Trunk, shall go forward, as Plaintiff does 'NOT ' dismiss, against those named parties." (R. Vol. II Doc. 65.) This proviso was included despite the fact that the district court had not yet ruled on Mr. Moore's motions to add those three as defendants. Finally, on May 10, 1993, the district court granted Mr.Moore's motion to dismiss his claim against Sheriff Trapp with prejudice. The district court noted:
 
 
 9
 As Trapp was the only defendant served in this action, this case is now CLOSED. Although all pending motions are rendered moot by the dismissal of the only defendant, the court notes that it was inclined to deny Plaintiff's motion to amend at this late juncture anyway. The Clerk shall send Plaintiff proper civil rights complaint forms, should Plaintiff wish to file a new action regarding the proposed defendants Plaintiff wished to add to this action.
 
 
 10
 (R. Vol. II Doc. 66.) It is this Order from which Mr. Moore appeals.
 
 
 11
 Federal Rule of Civil Procedure 15 permits amendments to the pleadings once as a matter of course at any time before a responsive pleading is served. "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). In order for an amendment adding a new party to relate back to the date of the original complaint, all the conditions set forth in Rule 15(c) must be met. Watson v. Unipress, 733 F.2d 1386, 1389 (10th Cir.1984). Rule 15(c) allows amendments to relate back to the date of the original pleading when
 
 
 12
 (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
 
 
 13
 (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
 
 
 14
 Fed.R.Civ.P. 15(c). The party to be added must have received notice of the action within the period of time set forth in the applicable statute of limitations. Watson, 733 F.2d at 1389.
 
 
 15
 As Congress did not provide a limitations period in 1983, we must adopt the most analogous limitations period provided by state law. See Hardin v. Straub, 490 U.S. 536, 538 (1989); Abbitt v. Franklin, 731 F.2d 661, 663 (10th Cir.1984). In Garcia v. Wilson, 731 F.2d 640 (10th Cir.1984), aff'd, 471 U.S. 261 (1985), this court, sitting en banc, concluded as a matter of federal law that all section 1983 claims should be considered personal injury claims. The appropriate statute of limitations in this case is therefore Oklahoma's two-year limitation. Watson, 731 F.2d at 663; Okla. Stat. Ann. tit. 12, 95(3) (West 1988).[3] The naming of a John Doe defendant constitutes a change of parties within the scope of Rule 15(c), and does not operate to toll the statute of limitations. See Watson, 733 F.2d at 1389; Sassi v. Breier, 584 F.2d 234, 235 (7th Cir.1978); Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 174 (3d Cir.1977); Craig v. United States, 413 F.2d 854 (9th Cir.), cert. denied, 396 U.S. 987 (1969).
 
 
 16
 Because Mr. Moore did not move to amend his complaint to add defendant Trunk until over three years after the accrual of his cause of action, and since that defendant thus was not served with notice within the time period prescribed by Oklahoma law, the claim against defendant Trunk was barred by the statute of limitations. The district court therefore did not err in dismissing Mr. Moore's suit, since any claim against defendant Trunk would have been time-barred.[4]
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 All facts are taken from Mr. Moore's brief and from the record on appeal. There was no reply brief filed in this case
 
 
 [3]
 Oklahoma law provides for an additional one year to be tacked on to the statute of limitations in cases where an action is commenced within the time limit and "the plaintiff fail[s] in such action otherwise than upon the merits, ... although the time limit for commencing the action shall have expired before the new action is filed." Okla. Stat. Ann. tit. 12, 100 (West 1988). Section 100 is not relevant to our analysis because until the district court dismissed his claim, Mr. Moore had not "fail[ed] otherwise than upon the merits." Once the district court dismissed Mr. Moore's claim, this provision arguably became available. If it did, then Mr. Moore would have one year from the date of the district court's Order of dismissal to refile his claim against the proper party or parties. However, we have been unable to determine whether, under Oklahoma law, naming a John Doe defendant constitutes commencement of an action for purposes of Section 100, and we express no opinion on this issue
 
 
 [4]
 The claims against Magistrate Judge Craytor and Mr. Webb would have been barred by judicial and prosecutorial immunity, respectively. Moreover, neither of these proposed defendants was served with notice. (R. Vol. II Doc. 66.)