Anne P. **HENRY** and Richard D. **Ralls, Plaintiffs,**

v.

**FEDERAL DEPOSIT INSURANCE CORP., Defendant.**

**No. 95–2134–JWL.**

United States District Court, D. Kansas.

July 25, 1996.

Richard D. Ralls, Kansas City, MO, J. Bradley Pace, Elizabeth R. Saver, P.C., Kansas City, KS, for Anne P. Henry and Richard D. Ralls, plaintiffs.

M.W. Alston, Longview, TX, for Bank Plus Services, Inc., a Texas Corporation, defendant.

Cynthia C. Dunham, Robert D. Kroeker, Martin, Leigh & Laws, Kansas City, MO, for Resolution Trust Corporation, in its corporate capacity, defendant.

S. Michael Thomas, Sherman, Taff & Bangert, P.C., Kansas City, MO, for Resolution Trust Corporation, movant.

### *MEMORANDUM AND ORDER*

LUNGSTRUM, District Judge.

Plaintiffs Anne Henry and Richard Ralls bring this action as a result of a consumer report or investigative consumer report al-

legedly prepared at the request and direction of the Resolution Trust Corp (RTC), the predecessor of defendant Federal Deposit Insurance Corporation (FDIC). Plaintiffs maintain that defendant's actions violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.* Three motions are presently before the court: defendant's motion to dismiss (Doc. # 69); plaintiffs' motion for leave to file second amended complaint (Doc. # 71); and plaintiffs' motion to stay discovery (Doc. # 92). Because the court finds plaintiffs' claims to be barred by the statute of limitations, the court grants defendant's motion to dismiss, denies as futile plaintiffs' motion for leave to file a second amended complaint, and denies as moot plaintiffs' motion to stay discovery.

## I. *Discussion*

In plaintiffs' original complaint, both counts alleged against defendant are brought under FCRA. Plaintiffs, in their proposed second amended complaint, seek to add additional FCRA claims as well as a claim for negligent supervision. Defendant's motion to dismiss rests exclusively on the contention that the statute of limitations applicable to FCRA claims bars plaintiffs from recovery. Defendant advances the same argument as a partial basis to deny plaintiffs' motion to file a second amended complaint. The court will therefore initially turn to defendant's motion and then examine any additional issues raised by plaintiffs' motions.

### A. *Motion to Dismiss*

Plaintiffs, in their response to defendant's motion, cite to authority outside the pleadings as support for certain factual allegations. Even accepting as true every factual allegation submitted by plaintiffs, however, dismissal as a matter of law is still warranted. As a result, the court does not need to convert defendant's motion into a motion for summary judgment.

---

**1.** The court assumes for purposes of this motion that the following facts, submitted by plaintiffs, are true.

**2.** Bank Plus has settled with plaintiffs and is no longer in the case.

Dismissal of a cause of action for failure to state a claim is appropriate only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Fuller v. Norton,* 86 F.3d 1016, 1020 (10th Cir.1996), or where an issue of law is dispositive. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a); *Fuller,* 86 F.3d at 1020. All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true. *Jojola v. Chavez,* 55 F.3d 488, 494 n. 8 (10th Cir.1995) (citing *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984)). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

### 1. *Facts* [1]

On March 17, 1995, plaintiffs filed their original complaint against Bank Plus Services, Inc. (Bank Plus) [2] and a John Doe defendant. The complaint alleges that in January of 1993, due to the actions of defendants, a consumer report or an investigative consumer report was prepared regarding plaintiffs. According to the complaint, the actions of John Doe with respect to this report violated FCRA. Plaintiffs learned of the report in April of 1993. Magistrate Judge Rushfelt, in a series of orders, extended the period of time for service on the John Doe defendant. On the last day of the last extension, November 30, 1995, plaintiffs served the United States Attorney with their amended complaint in which John Doe had been replaced with the RTC. [3]

---

**3.** By act of Congress, the RTC terminated and was succeeded by the FDIC on December 31, 1995.

Prior to being served with plaintiffs' amended complaint, the RTC had some contact with this litigation. In an effort to fulfill its discovery obligations, Bank Plus forwarded to the RTC plaintiffs' request for production of documents. On June 26, 1995, the RTC responded that it had no interest in the litigation and advised Bank Plus to seek its own counsel. In a facsimile to plaintiffs dated July 14, 1995, Bank Plus stated that it had requested approval from the RTC to provide plaintiffs with certain information that was subject to a confidentiality agreement between Bank Plus and the RTC. In a July 28, 1995 letter to plaintiffs, Bank Plus recounted an RTC attorney's statement that the RTC would not give permission to release information subject to the confidentiality agreement. By August 2, 1995, plaintiffs had subpoenaed the RTC for information. Through August and September of 1995, the RTC and plaintiffs had discussions and exchanged correspondence regarding the subpoenaed information. On September 21, 1995, outside counsel for the RTC filed responses and objections to plaintiffs' subpoena.

## 2. *Analysis*

■ Defendant's motion asserts a single argument: plaintiffs' claims are barred by the applicable statute of limitations. Citing 15 U.S.C. § 1681p, defendant asserts that a two year statute of limitations governs plaintiffs' claims. As a result, argues defendant, the limitations period expired no later than April 30, 1995, two years from the last date plaintiffs could have discovered the alleged wrongful conduct.[4]

Plaintiffs do not dispute the April 30, 1995 expiration date. Rather, plaintiffs make two responses. First, plaintiffs maintain that because the original complaint was filed within the limitations period and the RTC was served within the period for service mandated by Federal Rule of Civil Procedure (Rule) 4(m), as extended by Judge Rushfelt, there is no statute of limitations issue. Plaintiffs alternatively contend that the amended complaint relates back to the date on which the original complaint was filed. The court disagrees with both contentions.

■ Plaintiffs' initial argument would be correct if the RTC had been correctly named in the original complaint. It was not. Plaintiffs appear to be contending that the same rule should apply where a defendant was misnamed in the original complaint, the alleged misnomer was corrected and the defendant served within the service period of the original complaint. The court need not address whether plaintiffs' legal conclusion is correct because plaintiffs did not misname the RTC in the original complaint. The Tenth Circuit, as do other circuits, distinguishes between misnomers and substitution of parties. *Watson v. Unipress, Inc.,* 733 F.2d 1386, 1389 (10th Cir.1984); *see Barrow v. Wethersfield Police Dep't,* 66 F.3d 466, 468 (2d Cir.1995), *modified,* 74 F.3d 1366 (2d Cir.1996). An amendment replacing a John Doe defendant is substituting a party,[5] not correcting a misnomer. *Barrow,* 66 F.3d at 468; *Watson,* 733 F.2d at 1389. In that sense, it is like the filing of a new lawsuit, or, as the Tenth Circuit has put it in a somewhat older case, substitution of a party creates a new cause of action. *Graves v. General Ins. Corp.,* 412 F.2d 583, 585 (10th Cir.1969). Plaintiffs do not dispute that the amendment substituting the RTC for John Doe was filed outside the limitations period. As a result, "such amendment can relate back to the date the [original] complaint was filed only if the provisions of Rule 15 are met." *Watson,* 733 F.2d at 1389 (citation omitted). Thus, because plaintiffs' initial argument rests on a

---

4. According to 15 U.S.C. § 1681p, "where a defendant has materially and willfully misrepresented any information required under this subchapter to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this subchapter, the action may be brought at any time within two years after discovery by the individual of the misrepresentation." Otherwise, the limitations period expires "two years from the date on which the liability arises." *Id.* The court need not determine which of these provisions is applicable. Under either provision, given plaintiffs' claims and factual allegations, the limitations period was triggered no later than April 30, 1993.

5. In *Watson,* the Tenth Circuit speaks of replacing John Doe with a named party as "adding a new party" or "substitut[ing] a party." *Watson,* 733 F.2d at 1389. Regardless of the nomenclature, the rule is the same.

faulty premise, it is not a basis to deny dismissal.

■ For an amendment substituting a new party to relate back to the date of the original complaint, all the conditions set forth in Rule 15(c)(3)[6] must be met. *Id.* The rule establishes four criteria: (1) the claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining a defense; (3) the party to be brought in must or should have known that but for a mistake of identity the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the period for service of process prescribed by Rule 4(m). *Bloesser v. Office Depot, Inc.,* 158 F.R.D. 168, 170 (D.Kan. 1994).

The claims against the RTC arise from conduct set forth in the original complaint. Defendant concedes for purposes of this motion that it had sufficient notice that it would not be prejudiced in maintaining a defense. The first two requirements of the rule are therefore satisfied. The court finds, however, that the RTC did not and should not have known that, but for a mistake of identity, the action would have been brought against it. As a result, plaintiffs' amended complaint does not relate back to the date on which the original complaint was filed.

By its plain language, Rule 15(c)(3) requires a plaintiff to make a mistake concerning the identity of the proper party. Plaintiffs made no such mistake. Plaintiffs filed their initial complaint against John Doe,[7] *i.e.* against an unknown defendant. Accepting plaintiffs' factual allegations as true, plaintiffs did not know that the RTC was John Doe prior to filing the amended complaint. On the contrary, plaintiffs' first motion to extend the period for service, filed July 14, 1995, stated that plaintiffs were attempting to determine whether the RTC should be named as a party.

Had the drafters of the rule intended pleadings against an unknown defendant who subsequently became identified to relate back, they would have said so. Instead, the plain language of the rule permits relation back of claims against only mistakenly identified parties (under certain circumstances). One can only mistakenly identify a known party. By naming John Doe as the second defendant, plaintiffs did not make a mistake in identification. They accurately identified the second defendant as unknown. Because plaintiffs' failure to name John Doe stemmed from lack of knowledge rather than a mistake in identification, the plain language of Rule 15(c)(3) does not permit relation back.

The First, Second, Fourth, Sixth and Seventh Circuits have reached the same conclusion. As the Second Circuit stated, "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Barrow,* 66 F.3d at 469–70 (affirming district court's dismissal of amended complaint replacing John Doe defendants); *accord Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir.1996); *Wilson v. United States Gov't,* 23 F.3d 559, 563 (1st Cir.1994); *Worthington v. Wilson,* 8 F.3d 1253, 1256 (7th Cir.1993); *Western Contracting Corp. v.*

---

6. Rule 15(c)(3) provides:
   An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

7. "[N]o federal statute or rule specifically countenances the naming of fictitious parties [such as John Doe] in a lawsuit." *Watson,* 733 F.2d at 1388. In light of this, the utility of filing against John Doe is questionable. Given the circumstances of this case, the court need not address this issue.

*Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989).

Moreover, at least one court has recently concluded that the *Watson* decision compels the same result in the Tenth Circuit. *Frazier v. City of Philadelphia*, 927 F.Supp. 881, 884 (E.D.Pa.1996). Although the *Watson* court did not directly address whether naming a John Doe defendant is a mistake in identification for purposes of Rule 15(c)(3), it did hold that replacing John Doe with a named defendant amounted to adding a new party rather than correcting a misnomer. *Watson*, 733 F.2d at 1389. Such a holding suggests that the Tenth Circuit would agree with the conclusion reached by the First, Second, Fourth, Sixth and Seventh Circuits. That conclusion is also consistent with the plain language of the rule and the policy of finality underlying the statute of limitations.

This court therefore finds that plaintiffs' amended complaint replacing John Doe with the RTC does not relate back to the date on which the original complaint was filed. Because plaintiffs' amended complaint was filed after April 30, 1995, it is barred by the statute of limitations. Defendant's motion to dismiss must be granted.

### B. *Motion for Leave to File Second Amended Complaint*

■ Plaintiffs' proposed second amended complaint alleges four FCRA claims and one negligent supervision claim against the RTC. For the reasons detailed in the previous section, plaintiffs' FCRA claims do not relate back to the date on which the original complaint was filed and are therefore barred by the applicable statute of limitations. The question presented by plaintiffs' motion, then, is whether or not leave should be granted to plaintiffs to file a negligent supervision claim. The court denies plaintiffs' motion on the basis of futility.

■ According to Rule 15(a), leave to amend a pleading "shall be freely given when justice so requires." Leave may be withheld, however, if the amended pleading suffers from defect that would subject it to dismissal. *See Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir.1983). Under such circumstances, granting leave to amend would be futile.

Defendant contends that plaintiffs' motion should be denied because (1) plaintiffs' negligent supervision claim is barred by the applicable statute of limitations and (2) Kansas would not recognize a cause of action for negligent supervision under the circumstances of this case. Because the court agrees with defendant's former contention, it need not consider the latter.

■ According to K.S.A. § 60–513(a)(4), a two-year statute of limitations governs actions "for injury to the rights of another, not arising on contract." This section applies to claims of negligence. *Resolution Trust Co. v. Scaletty*, 257 Kan. 348, 353, 891 P.2d 1110, 1114 (1995). Plaintiffs do not dispute the applicability of this section. Plaintiffs' sole argument, offered indirectly, is that its negligent supervision claim relates back to the filing of the original complaint.

At the latest, the limitations period for plaintiffs' negligent supervision claim began on April 30, 1993, the latest date on which plaintiffs could have discovered that the allegedly injurious report had been procured. The limitations period expired April 30, 1995, by which time plaintiffs had filed a complaint against John Doe, not the RTC. For the reasons stated in the previous section, plaintiffs' negligent supervision claim does not relate back to the filing of the original complaint. Plaintiffs' proposed second amended complaint thus fails to allege a non-time barred claim. The court therefore denies plaintiffs' motion to file second amended complaint on the ground of futility.

### C. *Motion to Stay Discovery*

Due the court's previous rulings, plaintiffs' claims have been dismissed. Plaintiffs' motion to stay discovery is therefore denied as moot.

### II. *Conclusion*

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's motion to dismiss (Doc. # 69) is granted.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to file second amended complaint (Doc. # 71) is denied as futile.

**IT IS FURTHER ORDERED** that plaintiffs' motion to stay discovery (Doc. # 92) is denied as moot.

**IT IS SO ORDERED.**