UNITED STATES COURT OF APPEALS
Filed 9/25/96
TENTH CIRCUIT

YORBA LEE HARDY,

    Plaintiff-Appellant,

       v.

BERNALILLO COUNTY DETENTION
CENTER; ALBUQUERQUE, CITY OF;
JOHN DOES, two unknown employees,
individually and as employees of the
BCDC,

    Defendants-Appellees.

No. 96-2062
(D.C. No. CIV-95-162-JC)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff Yorba Lee Hardy brought this 42 U.S.C. § 1983 action, alleging excessive force during her booking and following her arrest, and inadequate medical treatment.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals from summary judgment entered for defendants. We affirm.

Plaintiff was arrested for driving while intoxicated after allegedly hitting several vehicles while parking her vehicle at an apartment complex. The arresting officer determined that Hardy was too unsteady to safely perform all of the field sobriety tests and took her to the Bernalillo County Detention Center, where a breath test was conducted. Plaintiff was examined by a paramedic, who noticed a distortion of her left wrist, but plaintiff explained it was an old fracture. The paramedic then approved plaintiff for booking into the Detention Center. During booking, plaintiff asked to make a telephone call, but her request was denied. She became upset, yelled profanities, and proceeded toward the telephone. Officers tried to restrain her and eventually handcuffed her wrists behind her back as she struggled and yelled about the pain in her wrist and arm. She was placed in a cell where she continued to scream, kicked the door, and pounded on the door with her head, and she was eventually placed in a straight jacket. The following morning plaintiff received medical treatment and a fracture of her left wrist was discovered.

We review a district court's grant of summary judgment de novo and apply the same legal standards. Summary judgment is appropriate only if the record, viewed in a light most favorable to the party resisting the motion, reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. A fact is material if it could affect the outcome of the action under governing law, and a genuine issue exists if the evidence is such that a verdict could be returned for the nonmoving party. Occusafe v. EG&G Rocky Flats, 54 F.3d 618, 621 (10th Cir. 1995).

Plaintiff contends a jury could find the employees of the Detention Center violated

2

her civil rights. She argues the officers used excessive force in handcuffing her wrists after the paramedic noticed a preexisting injury to her left wrist and in lifting her by the handcuffs.

Plaintiff named as defendants the City of Albuquerque, the Detention Center, and two unidentified employees of the Detention Center. The Rules of Civil Procedure do not provide for naming unknown fictitious parties. See Fed. R. Civ. P. 10(a); Watson v. Unipress, 733 F.2d 1386, 1388 (10th Cir. 1984). Plaintiff did not amend her complaint when she learned the identities of the employees. Thus, no one directly involved with the incident is a defendant in this case.

It is well established that a county or municipality may be held liable under § 1983 only when the constitutional deprivation at issue was undertaken pursuant to a "custom" or "policy" of that entity. See City of St. Louis v. Praprotnik, 485 U.S. 112, 125 n.. 2 (1988). Plaintiff has produced no evidence to support a theory of county or municipality liability. She has identified no policies authorizing the manner in which she was restrained and has presented no evidence to establish any pervasive custom that resulted in her alleged injury.

Plaintiff's theory that defendants could be held liable for failure to adequately train the officers is also unsupported. The adequacy of police training can serve as a basis for liability under § 1983 only where such failure amounts to deliberate indifference to the rights of persons with whom subordinate officers come in contact. City of Canton v. Harris, 489 U.S. 378, 388 (1989). There must be essentially a complete failure to train or training so reckless or grossly negligent that future misconduct is almost inevitable. Meade v. Grubbs, 841 F.2d 1512 (10th Cir. 1988). Failure to train must rise to a

3

deliberate and conscious policy-type choice before a city can be held liable under § 1983. Canton, 489 U.S. at 389. The evidence showed the officers were extensively trained regarding use of handcuffs to restrain arrestees. Under the standards of summary judgment, plaintiff has failed to establish defendants' alleged failure to train the officers amounted to deliberate indifference to the rights of persons with whom the officers came in contact.

Plaintiff's medical attention claims are also completely unsupported by the record. Even if it could be concluded that individual officers were deliberately indifferent to a serious medical need, see Frohmader v. Wayne, 958 F.2d 1024, 1027-28 (10th Cir. 1992), there is no evidence to support municipal liability such that a genuine issue of material fact exists, requiring submission to a jury.

The final aspect of the judgment granted by the district court is the state law tort claims. Plaintiff does not challenge that aspect of the judgment and we do not address issues not briefed. United States v. Kunzman, 54 F.2d 1522, 1534 (10th Cir. 1995).

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4