**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 6 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

REBECCA MAYCHER,

       Plaintiff-Appellant,

v.

MUSKOGEE MEDICAL CENTER
AUXILIARY, a nonprofit corporation,

       Defendant-Appellee.

No. 97-7021
(D.C. No. CV-96-403-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's denial of her motion to amend her complaint to substitute the proper party defendant. See Fed. R. Civ. P. 15(c)(3). Reviewing the district court's application of Rule 15(c) de novo, see Slade v. United States Postal Serv., 875 F.2d 814, 815 (10th Cir. 1989), we reverse.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against her employer, the Muskogee Regional Medical Center. Upon receiving the EEOC's right-to-sue letter, plaintiff timely filed her Title VII complaint on August 16, 1996, naming the Muskogee Regional Medical Center Auxiliary (the Auxiliary) as the defendant. Plaintiff's attorney named the Auxiliary after inquiring of the Oklahoma Secretary of State's office as to the official designation of the medical center. In fact, plaintiff's employer was actually the Muskogee Regional Medical Center Authority (the Authority); the Auxiliary was, instead, a volunteer organization associated with the medical center.

On October 7, 1996, after the expiration of the ninety-day limitations period for commencing her Title VII suit, see 42 U.S.C. § 2000e-5(f)(1), plaintiff filed a motion to substitute the Authority as the defendant. Following the district court's initial order granting this motion, plaintiff served the Authority on November 14, 1996. Subsequently, the district court vacated its order granting the amendment and denied the substitution. In doing so, the district court

determined that allowing the amendment would permit plaintiff to add a defendant past the expiration of the limitations period, to the substantial prejudice of the substituted party as it would deny the Authority its statute-of-limitations defense. The district court then granted the Auxiliary's motion for summary judgment and dismissed the Title VII action. Plaintiff appeals the denial of her motion to substitute the Authority as the proper defendant.

Rule 15(c)(3) provides that an amendment changing "the party or the naming of the party against whom a claim is asserted" relates back to the filing of the original pleading if the claim "arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading," Rule 15(c)(2), and, within the time for service of the complaint, see Fed. R. Civ. P. 4(m),

> the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The district court's determination that to allow plaintiff to assert her Title VII claims against the Authority after the expiration of the limitations period would preclude the Authority from asserting the limitations defense merely begs the question. Rule 15(c)'s "relation back doctrine is typically applied with reference to statutes of limitations." Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1543 (8th Cir. 1996); see Kansa Reinsurance Co. v. Congressional

Mortgage Corp., 20 F.3d 1362, 1366-67 (5th Cir. 1994) (Rule 15(c) allows amendment despite applicable statute of limitations, if prerequisites are met); see also, e.g., Anderson v. Deere & Co., 852 F.2d 1244, 1245 (10th Cir. 1988) (applying prior Rule 15(c)).[1] If, under the terms of Rule 15(c), the amendment should relate back to the filing of the original complaint, then plaintiff's Title VII claims will not be barred by the statute of limitations. See, e.g., Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 557 (7th Cir. 1996); FDIC v. Conner, 20 F.3d 1376, 1385 (5th Cir. 1994).

Further, Rule 15(c)(3) speaks only of prejudice to a party's defense on the merits. See Nelson v. County of Allegheny, 60 F.3d 1010, 1014-15 (3d Cir. 1995) ("The prejudice to which . . . Rule [15(c)] refers is that suffered by one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale.") (quotation omitted); see also Patton v. Guyer, 443 F.2d 79, 86 (10th Cir. 1971) (applying prior Rule 15(c); noting that "invariably some practical prejudice result[s] from an amendment," but proper question under Rule 15(c) is whether party's ability to prepare defense is prejudiced). Defendant's conclusory allegations that the

---

[1] Rule 15(c)(3), as amended in 1991, applies to this case. Like its predecessor, the current rule requires that the party to be added receive notice sufficient that his ability to defend will not be prejudiced. See Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1076 (2d Cir. 1993).

timing of the amended complaint substantially prejudiced the preparation of its defense are unpersuasive.

Applying the remainder of Rule 15(c)(3)'s requirements, there is no dispute that plaintiff's amended claims arose from the same conduct alleged in the original complaint--her amendment sought only to substitute the Authority for the Auxiliary as the defendant.  See Archuleta v. Duffy's Inc., 471 F.2d 33, 34-35 & 34 n.3 (10th Cir. 1973) (applying similar language of prior Rule 15(c)).

The district court denied plaintiff's motion to amend, in part, because to allow her to do so would permit plaintiff to add a defendant past the expiration of the limitations period.  While the prior version of Rule 15(c) did require that the party to be added receive notice of the action within the limitations period, see Schiavone v. Fortune, 477 U.S. 21, 30-31 (1986), Rule 15(c)(3), as amended in 1991,[2] only requires that plaintiff give the additional party notice within the 120 days provided for service of the original complaint.  See, e.g., Delgado-Brunet v. Clark, 93 F.3d 339, 343-44 (7th Cir. 1996); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 458 (3d Cir. 1996).  Because plaintiff served the Authority with the amended complaint within this 120-day time frame, plaintiff satisfied this requirement.

---

[2]     See Sauers v. Salt Lake County, 1 F.3d 1122, 1125 n.2 (10th Cir. 1993) (amendment to Rule 15(c) overruling Schiavone was effective December 1, 1991).

The district court also held that plaintiff had been aware of the proper defendant and that her failure to name the Authority in the original complaint was not due to matters outside her control. The record, however, does not support this finding. While plaintiff obviously was aware that she was employed by the Muskogee Regional Medical Center, she was mistaken as to its official designation.

Further, this is not a case where the plaintiff is aware of the identity of a party, but makes a deliberate choice not to name that party as a defendant until after the expiration of the limitations period, see, e.g., Rendall-Speranza v. Nassim, 107 F.3d 913, 917-19 (D.C. Cir. 1997); Cornwell v. Robinson, 23 F.3d 694, 705 (2d Cir. 1994), nor is it a case where the plaintiff initiates litigation against an unknown party and does not identify that party until after the limitations period has expired, see Henry v. FDIC, 168 F.R.D. 55, 59-60 (D. Kan. 1996), and cases cited therein. Rather, plaintiff intended from the outset to sue her employer; she just mistakenly misnamed that entity in her complaint. Defendant's cited authority, see Appellee's Br. at 7-10, therefore, is inapposite.

Plaintiff, who had been an employee of the Authority since 1992, and the Authority had been involved in the EEOC proceedings preceding plaintiff's Title VII action. By statute, plaintiff ordinarily could not sue anyone other than the employer named in the EEOC complaint, in this case designated only as the

"Muskogee Regional Med Cntr," Appellant's App. at 1. See, e.g., Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc., 702 F.2d 857, 860 (10th Cir. 1983) (citing 42 U.S.C. § 2000e-5(f)(1)). The Auxiliary itself had no employees. See Appellee's Supp. App. at 11.

Plaintiff served the Auxiliary's representative, who was located at the same address as the Authority. See Appellant's App. at 2, 28, 29, 48-49; see also id. at 46, 48 (Auxiliary's only physical base of operations is within Authority's medical center). Further, in his deposition, the Authority's chief executive officer testified that he believed he was made aware of the original complaint at the time plaintiff initiated this action. See id. at 52.

Because the district court misapplied Rule 15(c)(3), denial of plaintiff's motion to amend was error. The judgment of the United States District Court for the Eastern District of Oklahoma is, therefore, REVERSED, and the cause is REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court

James E. Barrett
Senior Circuit Judge